**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOHN ALBERT ESTRADA, SR., ) <br> ID # 744108, ) <br>          Petitioner, ) <br> vs. ) <br>  ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>          Respondent. ) | <br><br><br> No. 3:10-CV-0920-L-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 to challenge his Dallas County convictions for aggravated sexual assault of a child and sexual assault of a child. (*See* Petition (Pet.) at 2.) Respondent is Rick Thaler, Director of TDCJ-CID.

On May 16, 1994, in Dallas County, Texas, after entering pleas of *nolo contendere*, petitioner was placed on ten years' probation in Cause No. F93-26577-PJ, and ten years' deferred adjudication in Cause No. F93-26578-PJ. (*Id.*) His probation in both cases was revoked on March 1, 1996, and he was sentenced to ten years in Cause No. F93-26577-PJ and twenty years in Cause No. F93-26578-PJ. (*Id.*). He appealed both cases, and the state appellate court reversed and remanded his conviction in Cause No. F93-26577-PJ, but it affirmed his conviction in Cause No. F93-26578-PJ. *Estrada v. State*, Nos. 05-96-00752-CR, 05-96-00753-CR (Tex. App. Dallas, July

23, 1999). On June 20, 2000, his probation was reinstated in Cause No. F93-26577-PJ by the trial court. (Pet. at 2).[1] Petitioner also filed state writs of habeas corpus in both cases. *See Ex parte Estrada*, 2004 WL 2849147 (Tex. App.–Dallas Dec. 13, 2004, pet. ref'd); *Ex parte Estrada*, WR-40,443-02 (Tex. Crim. App. Jan. 10, 2001).[2]

On February 26, 2001, Petitioner filed a federal habeas petition challenging these two convictions. *See Estrada v. Cockrell*, 3:01-CV-371-P, 2002 WL 31455614 (N.D. Tex. Oct. 31, 2002). A judgment denying relief was entered on October 31, 2002. *Id*. Petitioner appealed the denial and requested a Certificate of Appealability (COA), and the Fifth Circuit Court of Appeals denied his application for a COA on September 8, 2003. *Estrada v. Dretke*, No. 02-11283 (5th Cir. Sept. 8, 2003). Petitioner also filed a Rule 60(b) motion, and the court construed it as a successive habeas petition and dismissed it without prejudice pending review by the Fifth Circuit Court of Appeals. *Estrada v. Dretke*, No. 3:01-CV-371-P (N.D. Feb. 19, 2004) (judgment construing motion for relief from judgment under Rule 60(b)((3), (6) as successive habeas petitioner and dismissing petition). Because of the numerous motions filed by petitioner in his federal case, the district court also warned and admonished him by order dated November 19, 2004, that he could be subject to sanctions if he continued to file motions in his federal case or if he filed another successive petition without authorization from the Fifth Circuit Court of Appeals. *Estrada v. Dretke*, 2004 WL 2799799 (N.D. Tex. Nov. 19, 2004).

---

[1] Petitioner has since completed his probation in Cause No. F93-26577-PJ but continues to serve his prison sentence in Cause No. F93-26578-PJ. *Ex parte Estrada*, 2009 WL 3260892 at *1 (Tex. App.–Dallas, Oct. 13, 2009).

[2] Because one of his convictions was a probated conviction, his state habeas application attacking that conviction was ruled on by the intermediate state appellate court while his final conviction was addressed by the Court of Criminal Appeals, as provided by Texas state law. *See* TEX. CODE CRIJM. PROC. ANN. art. 11.07 (Vernon Supp. 2008). Petitioner also filed a subsequent state writ application in Cause No. F93-26577-PJ that was also denied. *See Ex parte Estrada*, 2009 WL 3260892 (Tex. App.–Dallas, Oct. 13, 2009, pet. ref'd).

Petitioner filed a petition in this case in the Amarillo Division of the Northern District on April 29, 2010, challenging the same convictions at issue in the 2001 action.

## II. NATURE OF SUIT

Petitioner claims that he is filing this action under 28 U.S.C. § 2241, or "under the law the court rules to hear this petition". (Pet. at 1). He is in fact challenging his 1994 Dallas County convictions, however, and challenges to convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . or
>
> (5) It is necessary to bring him into court to testify or for trial.

Only the third paragraph appears to apply in this case. If petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision", *see Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004), this action falls under the more specific provision of § 2254 and is therefore construed as arising under that section.

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

3

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[3] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining

---

[3] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner challenges the same convictions that he challenged in his prior federal petition. His first petition was addressed on the merits. Under *Hardemon* and *Crone*, petitioner was required to present all available claims in his first federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in petitioner's initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner

5

files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### IV.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Petitioner should also be **ADMONISHED** that he may be subject to sanctions should he continue to argue claims concerning these convictions in this Court without first seeking and receiving authorization from the Fifth Circuit Court of Appeals to file a successive petition.

**SIGNED this 14th day of May, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE