IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN ALBERT ESTRADA, SR.,** § <br> **ID # 744108**, § <br> § <br> Petitioner, § <br> v. § <br> § <br> **RICK THALER, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division**, § <br> § <br> Respondent. § | Civil Action No. **3:10-CV-920-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is John Albert Estrada, Sr.'s Petition for Writ of Habeas Corpus, filed April 29, 2010, in the Amarillo Division of the Northern District of Texas. The case was transferred to the Dallas Division on May 5, 2010, and was referred to United States Magistrate Judge Irma Carrillo Ramirez. The magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on May 14, 2010. Petitioner filed objections to the Report on May 28, 2010.

This is a habeas petition filed allegedly pursuant to 28 U.S.C. § 2241. Petitioner is a state prisoner challenging convictions he received for aggravated sexual assault of a child and sexual assault of a child in Dallas County, Texas, on May 16, 1994. Petitioner previously filed a federal habeas petition challenging these convictions on February 26, 2001; the district court denied relief. Petitioner appealed, and the Fifth Circuit denied his application for a certificate of appealability on September 8, 2003. Petitioner thereafter continued to file numerous motions related to his federal case and was eventually admonished by the district court on November 19, 2004, that he could be

**Memorandum Opinion and Order – Page 1**

subject to sanctions if he continued to file motions or other successive petitions without authorization from the Fifth Circuit. Notwithstanding the court's order, Petitioner filed a new federal habeas petition on April 29, 2010, challenging the same previously challenged convictions.

The magistrate judge determined that, although Petitioner contends he filed his petition under 28. U.S.C. § 2241, Petitioner's challenges are in fact governed by 28 U.S.C. § 2254. Here, because Petitioner is challenging the same convictions that he challenged in his prior federal habeas petition, which the court ultimately addressed on the merits, the magistrate judge concluded that the petition is successive within the meaning of 28 U.S.C. § 2244(b). When a petition is successive, the petitioner must seek an order from the Fifth Circuit that authorizes the court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the Fifth Circuit has not issued an order authorizing the district court to consider Petitioner's successive petition, the magistrate judge concluded that this court lacks jurisdiction over the action and recommends that the case be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Petitioner makes several objections to the magistrate judge's findings and conclusions. Principally, Petitioner makes multiple objections relating to the reasoning for filing his new petition; he seems to argue that his successive petition is justified because he now has access to two exhibits that the State had allegedly concealed at the time of his previous filings. The court determines that Petitioner's acquisition of new evidence could constitute a basis to make a request to the Fifth Circuit for leave to file a successive habeas petition. New evidence without authorized leave, however, does not provide this court with jurisdiction to consider a habeas petition upon which the district court has already ruled. *See* 28 U.S.C. § 2244(b)(3)(A). These objections are overruled.

**Memorandum Opinion and Order – Page 2**

Petitioner objects to the magistrate judge's omission that Petitioner previously sought leave from the Fifth Circuit to file a successive petition on August 19, 2008, but that the Fifth Circuit denied leave on October 7, 2008. Whether or not the magistrate judge had included this bit of procedural history in her Report is quite beside the point. The record decidedly reflects that the Fifth Circuit has not authorized Petitioner to file a successive habeas petition. Until such leave is granted, the court cannot consider a successive petition. Petitioner's objection is overruled.

Petitioner objects to the magistrate judge's finding that his petition is controlled by 28 U.S.C. § 2254. He urges that Section 2241 should apply in this case because he has not had an "unobstructed procedural shot at getting his sentence vacated." Pet.'s Obj. 6. The case law that Petitioner cites for this proposition does not support his assertion. Moreover, the court determines that Petitioner had an "unobstructed procedural shot" when the merits of his first petition for habeas relief were considered and rejected by the district court. Petitioner's objection is overruled.

Petitioner makes multiple objections to the magistrate judge's finding that the court does not have jurisdiction to consider the petition because the Fifth Circuit has not granted leave for filing a successive petition. Essentially restating his prior objections and repeating the assertions of his original petition, Petitioner argues that Section 2241 should control in this case, not Section 2254. In support, he argues that he has now successfully completed his probation period and that the court has yet to address the new exhibits Petitioner has presented. He further argues that the court previously relied upon fraudulent misrepresentations by the State in his prior filings. As the court has stated, such arguments do not automatically grant Petitioner leave to file a successive petition. Such leave must be sought from and authorized by the Fifth Circuit. Petitioner's objections are overruled.

**Memorandum Opinion and Order – Page 3**

Petitioner also generally argues the merits of his claims and objects to Magistrate Judge Ramirez being assigned to this case. Such arguments and objection do not overcome Petitioner's failure to obtain leave to file a successive petition from the Fifth Circuit. Petitioner's objections are overruled.

After reviewing the filings and record in this case, the court **determines** the Report's findings are correct. The court therefore **accepts** the Report as that of the court. This action is accordingly **transferred** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Petitioner is **admonished** that he **will** be subject to sanctions should he continue to argue claims in  concerning these convictions in this court without first seeking and acquiring authorization from the Fifth Circuit to file a successive petition. The clerk of the court shall effect the aforementioned transfer in accordance with the usual procedure.

**It is so ordered** this 1st day of June, 2010.

Sam A. Lindsay
United States District Judge